

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```
---------------------------------------------------------- X

JONATHAN JACKSON,

                Petitioner,    **MEMORANDUM**
- against -    **DECISION AND ORDER**

10 Civ. 2528 (BMC)

SUPERINTENDENT D. ROCK,

                Respondent.

---------------------------------------------------------- X

**COGAN**, District Judge.

Petitioner, appearing *pro se*, brought the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated below, the petition is dismissed as time-barred.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets a one-year limitation period for filing a state prisoner's federal habeas corpus petition, "running from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" Day v. McDonough, 547 U.S. 198, 201, 126 S. Ct. 1675 (2006) (quoting 28 U.S.C. § 2244(d)(1)(A)). The one-year clock will stop, however, during the time a petitioner's "properly filed" application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2).

Based on the information contained in the petition, the one-year statute of limitations expired on June 13, 2009 – one year after the New York Court of Appeals denied petitioner leave to appeal the decision of the Second Department, Appellate Division, affirming his conviction. Although petitioner did file a motion under N.Y. Crim. Proc. Law §440.10 to vacate his

judgment, this state court proceeding was filed in January 2010 – months after the period for bringing a federal habeas petition had already expired. Because the time period for filing his federal habeas petition already expired when he filed his §440.10 motion, the §440.10 motion cannot be used to toll the time period within which his federal petition had to be filed.

Under certain circumstances, the one year period within which to file the federal habeas petition can be equitably tolled. As a general matter, a litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336, 127 S. Ct. 1079 (2007) (internal quotation marks omitted). The AEDPA limitations period will only be tolled in "rare and exceptional circumstance[s]." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam) (quoting Turner v. Johnson, 177 F.3d 390, 391-92 (5th Cir. 1999)).

Thus, this Court provided petitioner with an opportunity to show cause as to why his petition should not be dismissed as time-barred. In his response, petitioner claimed that he had filed a § 440.10 motion in state court that was either lost or misfiled, and that as a result, he had to re-file the motion more than a year after his conviction became final. This explanation was insufficient to warrant equitable tolling of the statue of limitations and the Court provided petitioner until July 9, 2010, to provide a detailed explanation for his delay, including the original date he filed the § 440.10 motion, the reasonable efforts he made to follow up on the status of that motion, and copies of any and all documentary evidence that supports his position. To date, petitioner has failed to respond.

2

Accordingly, petitioner's habeas petition is dismissed as time-barred. This Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962). The Clerk of the Court is directed to enter judgment and mail a copy of this Order to petitioner *pro se*.

**SO ORDERED.**

/s/(BMC)

Dated: Brooklyn, New York      U.S.D.J.
July 21, 2010